Okby, C. J.
In disposing of this case, it is necessary to determine two questions. 1. The plaintiffs requested the court to state separately, in writing, the conclusions of law and fact. That request was made under the statute, which provided: “ Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial, in which case the court shall state in writing the conclusions of fact found separately from the conclusions of law.” Civil Code, § 280 ; Rev. Stats. § 5205, note. This provision is one of much importance, and it is in no sense directory. That there was no proper compliance with the request is admitted; and it is clear to us that the action of the court in that respect affords ground of reversal, unless it be shown that the plaintiffs were not prejudiced thereby. But we are of opinion that it is shown that there was no such prejudice as to call for a reversal on that ground. The record contains all the testimony offered on the trial, and objection is made that the judgment below is opposed to the weight of the evidence. In deciding the case, therefore, we necessarily ascertain the facts.
2. If a patent for the lands in dispute could be properly issued by the president, under the act of congress approved in 1839 (6 Stat. at L. 773), that patent was, probably, properly issued “ unto the trustees of the township of Oxford and county of Butler, in the state of Ohio, for the use of schools,” for the title, under the act and patent, would, it seems, pass to the *95 trustees aud not tbe state, notwithstanding the remarks in Trustees v. Campbell, 17 Ohio, 267, s. e. on error, 13 Howard, 211. But we do not find it necessary to determine whether a patent for the lands was or could have been properly issued; nor is it necessary to decide whether the state was or -was not, at any time, clothed with the legal title to the premises. Assuming, without deciding, that the trustees of Oxford township became clothed with the legal title to the premises in 1811, we all unite in holding that they are barred from maintaining this suit by the limitation of twenty-one years, prescribed in the statute as the period within which actions to recover the possession of real estate may be brought, if the statute applies to trustees holding title in the manner claimed. This action, as already stated, was brought in 1875. But Dana Columbia was in possession of the premises from 1852 until his death in 1865, and the defendants who succeeded to his rights have been in possession ever since, and that possession has been, during the whole period, in the largest sense open, notorious, adverse, uninterrupted and exclusive. It has been held and maintained, moreover, from the beginning, under a purchase from the state, and the purchase-money and all taxes have been paid. Large and valuable improvements were made by Columbia upon the premises as early as 1852, and he resided thereon at the time of his death; and if it is true, that the trustees became the owners of the premises for school purposes in 1811, there was no time from 1852 until 1873, when they were not clothed with the power and charged with the duty of prosecuting an action to recover possession. 1 S. &. C. 1577.
The plaintiffs insist, nevertheless, that the title to the premises, under the act of congress of 1839, was in the state, and that the statute of limitations does not run against the state. We have held, however, that the position that the title was in the state, under that act, is not tenable. But if the title had been vested in the state, the result would have been the same, for the state would have been estopped by its deed to Columbia. Branson v. Wirth, 17 Wall. 32, 12. And see 3 Pick. 221; 7 Cal. 527; 1 Peters, 87. It is also said that the plaintiffs are the trustees of an express trust, and that the action is not barred for *96 that reason. Civil Code, §§ 6, 27; Rev. Stats. §§ 4974, 4995. But this is not an action between trustees and beneficiaries.
The remaining question, then, is whether the statute of limitations applies, assuming that the plaintiffs, as trustees of Oxford township, acquired title to the premises, by donation from the general government, in 1841, for the benefit of schools. That the maxim, nullum temjpus occurrit regi, is applicable to the general and state governments, is not denied ; but it was held in Cincinnati v. First Presbyterian Church, 8 Ohio, 298, upon the fullest consideration, that the maxim did not apply where a city prosecuted an action of ejectment to recover possession of lots dedicated to public use, the defendants in the action having been in the adverse possession of the lots for more than twenty-one years. I am aware that cases may be found in opposition to that decision. Several of them are collected in a note to the case as reported in 32 Am. Dec. 718, 721. But that decision has been repeatedly approved in this court, and, as applied to a case like the one-under consideration, it is amply supported here and elsewhere. Williams v. First Presbyterian Church, 1 Ohio St. 478, 510; Trustees v. Campbell, 16 Ohio St. 11; School Directors v. Georges, 50 Mo. 195; 2 Dillon on Mun. Corp. (3 ed.) §§ 668, 674; and see note above referred to. As to the application of the rule to adverse possession of public ways, see Cincinnati v. Evans, 5 Ohio St. 594; cf. Fox v. Hart, 11 Ohio, 414; Lane v. Kennedy, 13 Ohio St. 42; McClelland v. Miller, 28 Ohio St. 488; Railroad v. Commissioners, 31 Ohio St. 338.

Judgment affirmed.