[No. 13262.    Department Two. — February 27, 1890.]

GEORGE W. BURGESS, Respondent, v. H. T. FAIR-
BANKS et al., Appellants.

Vendor's Lien — Conveyance to Third Party with Notice at Request
of Purchaser. — A complaint which avers that the plaintiff sold land to
one of the defendants for a certain sum, of which sum said defendant
paid part, leaving a balance due and unpaid, and that at the time of sale,
for reasons known to such defendant, and at his request, a conveyance of
the land was made by plaintiff with the name of another defendant in-
serted therein, who knew all the facts of the transaction, is sufficient to
warrant the enforcement of a vendor's lien against such other defendant
for the balance of the unpaid purchase-money.

Id. — Enforcement of Lien for Purchase-money — Exhausting Remedy
at Law. — A bill in equity to enforce a vendor's lien for a balance of un-
paid purchase-money will lie, though plaintiff's remedies at law have not
been exhausted.

Id. — Waiver of Lien — Non-negotiable Due-bill — Agency — Parol
Evidence — Finding — Presumption. — The vendor does not waive his
lien by taking as security a non-negotiable due-bill for the amount of the
unpaid purchase-money from a third person, who appends to his signature
the designation of himself as agent of the purchaser. Parol evidence is
competent to show how such due-bill was received, and who was intended
to be bound by it; and a finding that it was made by the purchaser will
be presumed to have been supported by the evidence.

Negotiable Paper — Due-bill Payable upon Contingency. — A written
instrument acknowledging a certain sum of money to be due and payable
when a suit in court is settled is not a promissory note.

Appeal from a judgment of the Superior Court of
Trinity County.

The facts are stated in the opinion of the court.

*Barclay Henley*, for Appellants.

*John W. Turner*, for Respondent.

McFarland, J.— This is an action to enforce a ven-
dor's lien for balance of unpaid purchase-money. Judg-
ment was for plaintiff, and defendants appeal from the
judgment on the judgment roll alone.

The complaint is sufficient. It avers clearly enough
that plaintiff sold the land to the defendant George E.
White for $4,150; that of said purchase-money said White
paid plaintiff $2,400, and also, according to the terms of

the sale, paid to one McMurray $1,025, due on a mortgage on the land, and that the balance, $750, with interest, is due and unpaid; that at the time of the sale, for reasons known to the said White, and at his request, a conveyance of the land was made by plaintiff, with the name of the defendant H. T. Fairbanks inserted therein; and that the latter knew all the facts of the transaction. These averments warrant the enforcement of the lien as against Fairbanks.

There is nothing in the point that the remedies at law must first be exhausted before a bill in equity to enforce a vendor's lien can be resorted to. (*Sparks* v. *Hess,* 15 Cal. 186.)

The point that plaintiff waived his lien by taking as security the promissory note of a third person is not tenable. The written instrument relied on to sustain this point is as follows:—

"$725.                        Kikawaka, Nov. 15, 1886.

"Due to George W. Burgess, and payable when the suit now in court between him and C. B. Rice is settled, seven hundred and twenty-five dollars.

[Signed]                        "Wm. T. White,

                        "Agent for George E. White."

This instrument is not a promissory note; and it is unnecessary to determine whether, *prima facie,* it is the personal obligation of the principal or the agent. It at least bears a strong suggestion of agency; and it would have been competent to show by parol evidence how it was received, and who was intended to be bound by it. (*Bean* v. *Pioneer Mill Co.,* 66 Cal. 451; 56 Am. Rep. 106; *Sayre* v. *Nichols,* 7 Cal. 534; 68 Am. Dec. 280.) And as it is averred in the complaint and found by the court that the instrument was made by George E. White, the finding will be presumed to be supported by the evidence.

We see no material insufficiency in the findings.

Judgment affirmed.

Sharpstein, J., and Thornton, J., concurred.