110 627
a112 44
110 627
120 217
110 627
123 556
110 627
127 20

[Sac. No. 13.   Department One.—December 31, 1895.]

## J. P. KEENER, RESPONDENT, v. EAGLE LAKE LAND AND IRRIGATION COMPANY, APPELLANT.

SUMMONS — PROOF OF SERVICE UPON CORPORATION—SUFFICIENCY OF AFFIDAVIT.—In an action against a corporation, an affidavit of service of summons stating that it was personally served upon a designated person, described as the managing agent of the corporation, by delivering to such managing agent personally a copy of the summons attached to a copy of the complaint, sufficiently shows that the service was made upon the corporation, and is *prima facie* proof that the person served was its managing agent upon whom the summons was authorized to be served for the corporation.

ID.—LABORER'S LIEN—CONSTRUCTION OF STATUTE—PLEADING—TERMS OF STATUTE.—The act of March 31, 1891, giving a lien to mechanics and laborers employed by a corporation for wages earned by and due them weekly or monthly, applies only to corporations doing business in the state who employ laborers or mechanics by the week or month, and whose wages under the terms of their employment are payable weekly or monthly; and a plaintiff seeking to enforce the lien given by that statute must bring himself within the terms stated, and aver that the wages due him were earned weekly or monthly.

ID.—FILING NOTICE OF LIEN.—A laborer does not acquire any right to enforce a lien under the act of 1891 by reason of filing a notice of mechanic's lien.

ID.—ALLOWANCE OF COUNSEL FEES.—Where there is no lien to be enforced there can be no allowance of counsel fees in the action.

APPEAL from a judgment of the Superior Court of Lassen County.   W. T. MASTEN, Judge.

The facts are stated in the opinion of the court.

*Goodwin & Goodwin*, for Appellant.

The judgment is void for the reason that there is no proof of service of summons upon the defendant. It does not appear from the allegations of the complaint that the defendant is either a foreign or a domestic corporation, and the affidavit does not show that Elledge was the managing agent of the corporation at the time of the service. (Code Civ. Proc., sec. 411; *Hobson v. Hassett*, 76 Cal. 203; 9 Am. St. Rep. 193; *Loup v. California etc. R. R. Co.*, 63 Cal. 99; *Bidwell v. Babcock*, 87 Cal. 33; 1 Freeman on Judgments, 14th ed., sec. 126; Boone on Corporations, sec. 152; *Kennedy v. Hibernia Sav. etc. Soc.*, 38 Cal. 151; *People v. Central Pac. R. R. Co.*, 83 Cal. 398; *Blanc v. Paymaster Min. Co.*, 95 Cal. 531; 29 Am. St. Rep. 149; *Great West Min. Co. v. Woodmas etc. Min. Co.*, 12 Col. 46; 13 Am. St. Rep. 204.) The lien given to laborers by the act of 1891 is made to depend upon the concurrence of the two facts that the corporation is doing business in this state, and that it neglects to pay the mechanics and laborers employed by it the wages earned by and due them weekly or monthly. (Stats. 1891, p. 195.)

*Shinn & Shinn*, and *F. A. Kelley*, for Respondent.

There is no difference between a domestic and a foreign corporation, so far as service of summons upon the managing agent is concerned. (Code Civ. Proc., sec. 411.) The return is *prima facie* evidence that Elledge was the managing agent of defendant. (*Rowe v. Table Mountain Water Co.*, 10 Cal. 442; *Golden Gate etc. Min. Co. v. Superior Court*, 65 Cal. 187.) If there is any allegation that the defendant is a corporation, it is sufficient, although defectively stated. To defeat the action there must be an entire absence of averment. (*Ames-*

toy v. *Electric etc. Co.*, 95 Cal. 311; *Hallock* v. *Jaudin*, 34 Cal. 168; *Hentsch* v. *Porter*, 10 Cal. 559; *Hibernia etc. Soc.* v. *Ordway*, 38 Cal. 682.) A hiring at a monthly rate is presumed to be for a month, wages to be paid when the service—one month's labor—has been performed. (Civ. Code, secs. 2010, 2011.)

Harrison, J.—The plaintiff under an employment by the defendant performed labor upon certain reservoirs, dams, and ditches belonging to the defendant, at different times between May 27, 1892, and June 23, 1893, amounting in the aggregate, according to the agreed rate of compensation, to the sum of eight hundred and sixty-eight dollars and seventy-five cents, of which he was paid the sum of three hundred and seventy-eight dollars and eighty-two cents. He brings this action to recover from the defendant the balance thereof, viz., four hundred and eighty-eight dollars and ninety-three cents, and to have that sum adjudged to be a lien upon the property of the defendant. Judgment by default was rendered in his favor, and the defendant has appealed.

1. The appellant urges that the judgment is void by reason of there being no proof of service of the summons upon the defendant. The service was made by a private individual, and, in his affidavit, he states that "he personally served the same upon J. H. Elledge, the managing agent of the above-named defendant, Eagle Lake Land and Irrigation Company, a corporation, on the thirteenth day of January, 1894, by delivering to said J. H. Elledge, the said managing agent of said defendant (corporation), personally, in the county of Lassen, state of California, a copy of said summons attached to a true copy of the complaint, . . . . and that he knows the person so served to be the person acting as managing agent for said defendant (corporation) named in said action." It is objected that this affidavit merely shows that the service was made upon Elledge, and does not show that it was made upon the corporation. It

would be sacrificing substance to form to hold that this service was not made upon the defendant. It sufficiently appears from the complaint that the defendant is a corporation, and the corporation is the only defendant in the action. The affidavit of service upon one who is named the managing agent of the corporation is *prima facie* proof that he was such officer, and the statute authorizes the service to be made upon him for the corporation. (*Rowe* v. *Table Mountain Water Co.*, 10 Cal. 442; *Golden Gate etc. Min. Co.* v. *Superior Court*, 65 Cal. 187.) If Elledge had been a codefendant with the corporation, and the return of service had shown that only one copy of the summons had been delivered to him, there would be some reason for holding that it was a personal service upon him alone; but, as the corporation is the sole defendant, that reason does not exist.

2. The appellant does not contest the amount for which judgment was given, but contends that the judgment was erroneous in declaring that the plaintiff is entitled to a lien therefor upon its property. The plaintiff relies in support of the judgment upon the act passed March 31, 1891. (Stats. 1891, p. 195.) That act is as follows:

"Section 1. Every corporation doing business in this state shall pay the mechanics and laborers employed by it the wages earned by and due them weekly or monthly, on such day in each week or month as shall be selected by such corporation.

"Sec. 2. A violation of the provisions of section 1 of this act shall entitle each of the said mechanics and laborers to a lien on all the property of said corporation for the amount of their wages, which lien shall take preference over all other liens, except duly recorded mortgages or deeds of trust."

By the terms of the first section of this act, it does not apply to all corporations, but only to those who, while doing business in this state, employ laborers and mechanics by the week or month, whose wages, under the terms of their employment, are payable weekly or

monthly. It does not purport to impose upon those corporations any duty or liability toward all the mechanics or laborers whom it may employ, or to create a right in favor of those of its employees whose wages are not earned or payable by the week or by the month. As the remedy sought to be enforced herein exists only by virtue of the statute, it was incumbent upon the plaintiff to bring himself within the terms of the statute, and to show that the wages earned by him were "due weekly or monthly." His complaint is, however, defective in this respect, and contains no allegation concerning the times at which the wages were payable, or that he was employed at weekly or monthly wages, and from the allegations in reference thereto it would seem that there was no agreement upon this point—the greater part of his labor being computed by the day, and at different rates per day for different periods during the year.

The plaintiff did not acquire any right to enforce a lien by reason of the notice of mechanic's lien filed by him. As he was employed by the corporation, if he would rely upon the lien given by the provisions of the Code of Civil Procedure, his notice of lien should have been filed within thirty days after the completion of the work or improvement on which he had expended his labor. As it appears from the notice of lien attached to his complaint that the works were incomplete at the time it was filed, his notice was premature, and failed to confer a right of lien. (*Davis* v. *MacDonough*, 109 Cal. 547.) It is conceded by the plaintiff that this notice of lien was insufficient, within the requirements of the mechanics' lien law, but he contends that his lien exists by virtue of the act of 1891. That act, however, makes no provision for filing a claim of lien, but purports to create the lien upon the violation by the corporation of section 1.

As the plaintiff is not entitled to avail himself of the provisions of the act of 1891, that provision of the judgment allowing him counsel fees was unauthorized.

The judgment in favor of the plaintiff for the sum of four hundred and eighty-eight dollars and ninety-three cents and costs of suit is affirmed. That portion of the judgment awarding counsel fees, and declaring that the plaintiff is entitled to a lien upon the property of the defendant, and directing a sale of such property, is reversed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.