[No. 18435.   Department Two.—March 24, 1896.]

DAVID ACKLEY, RESPONDENT, v. BLACK· HAWK GRAVEL MINING COMPANY ET AL., APPELLANTS.

CORPORATIONS—LABORER'S LIEN—WEEKLY OR MONTHLY WAGES—PLEAD-
ING.—A laborer's lien for wages due from a corporation cannot be
claimed under the act of March 31, 1891, unless it is averred in the
complaint and found by the court that the wages were due weekly or
monthly.

ID.—COUNSEL FEE.—Where the plaintiff is not entitled to avail himself of
the provisions of the act of 1891 conferring a lien for the wages of
laborers upon the property of a corporation, there can be no allowance
of a counsel fee for the foreclosure of the lien. ᵇ

APPEAL from a judgment of the Superior Court of Sierra County. STANLEY A. SMITH, Judge.

The facts are stated in the opinion.

Frank R. Wehe, for Appellant.

ᴬ The act of March 31,. 1891, is unconstitutional, the subject of lien not being' expressed in its title (Const., art. IV, sec. 24; Ex parte Liddell, 93 Cal. 636), and as creating a special lien (Const. art. I, sec. 2; art. IV, sec. 25, subds. 19, 24, 33; San Antonio etc. Ry. Co. v. Wilson (Tex. Civ. App.), 19 S. W. Rep. 910; Wally v. Kennedy, 2 Yerg. 554; 24 Am. Dec. 511; State v. Good-will, 10 S. E. Rep. 285; State v. Fire Creek etc. Co., 10 S. E. Rep. 288); also as taking property without due process of law (Const., art. I, sec. 13; San Antonio etc. Ry. Co. v. Wilson, supra); and also as depriving corporations of the equal protection of the law. (Santa Clara County v. Southern Pac. R. R. Co. 118 U. S. 394.) The complaint does not allege that the wages were due weekly or monthly, and shows no lien under the statute. (Act of March 31, 1891, sec. 1; Stats. 1891, p. 195.)

F. D. Soward, for Respondent.

·The contract sued on and found was not entire, and the wages being due, it was incumbent on the corporation to select a day in each week or month for pay-

ment, and pay on that day.  (*Cutter* v. *Powell*, 2 Smith's Lead. Cas., 32, note; 2 Parsons on Contracts, 5th ed., 521.)

SEARLS, C.—This is an action to recover from the corporation defendant for work, labor, and services performed by plaintiff for said defendant, and to have the value thereof declared a lien upon the property of said defendant, under and pursuant to an act of the legislature of the state of California, approved March 31, 1891, entitled, "An act to provide for the payment of the wages of mechanics and laborers employed by corporations." (Stats. 1891, p. 195.)

The other defendants are made parties, and averred to have, or claim to have, some interest in the property of the corporation, or lien thereon, etc.

Plaintiff had judgment against the corporation for three hundred and ninety-seven dollars for wages, a counsel fee of one hundred dollars, and costs taxed at twenty-seven dollars and thirty-five cents, making a total of five hundred and twenty-four dollars and thirty-five cents, which was declared to be a valid lien upon the property of the corporation defendant described therein, and superior and paramount to any lien or interest of the other defendants, and decreeing the property so subject to said lien to be sold in satisfaction thereof.

Defendants appeal from the judgment, and the cause comes up on the judgment-roll without a statement or bill of exceptions.

The statute in question is brief, and we quote it in full.  It is as follows:

"SECTION 1. Every corporation doing business in this state shall pay the mechanics and laborers employed by it the wages earned by and due them weekly or monthly, on such day in each week or month as shall be selected by said corporation.

"SEC. 2. A violation of the provisions of section 1 of this act shall entitle each of the said mechanics and

laborers to a lien on all the property of said corporation for the amount of their wages, which lien shall take preference over all other liens, except duly recorded mortgages or deeds of trust; and, in any action to recover the amount of such wages, or to enforce said lien, the plaintiff shall be entitled to a reasonable attorney's fee, to be fixed by the court, and which shall form part of the judgment in said action, and shall also be entitled to an attachment against said property."

Various points are made by appellant in favor of reversal, one only of which need be noticed.

The complaint is for work, labor, and services performed by plaintiff for the corporation defendant, and, so far as essential to the point in hand, is as follows:

"That between the first day of May, 1892, and the first day of May, 1894, plaintiff performed twenty-four months' services for defendant, Black Hawk Gravel Mining Company, as watchman of its property, known as the Jenkins ranch property, hereinafter described, which said services were performed by plaintiff for said defendant corporation at its request. That said services were reasonably worth two thousand one hundred and ninety dollars. That no part thereof has been paid.

The findings are in almost the exact language of the complaint, except that the court finds the value of the services were four hundred and eighty dollars, and that eighty-three dollars has been paid on account thereof.

There is no allegation or finding that plaintiff was employed by the week or month, or that his wages were "due weekly or monthly."

In *Keener* v. *Eagle Lake Land etc. Co.*, 110 Cal. 627, this same statute was under review, and the court, speaking through Harrison, J., said:

"By the terms of the first section of this act it does not apply to all corporations, but only to those who, while doing business in this state, employ laborers and mechanics by the week or month, whose wages, under the terms of their employment, are payable weekly or monthly.

"It does not purport to impose upon those corporations any duty or liability towards all the mechanics or laborers whom it may employ, or to create a right in favor of those of its employees whose wages are not earned or payable by the week or by the month.

"As the remedy sought to be enforced herein exists only by virtue of the statute, it was incumbent upon the plaintiff to bring himself within the terms of the statute, and to show that the wages earned by him were 'due weekly or monthly.' His complaint is, however, defective in this respect, and contains no allegation concerning the times at which the wages were payable, or that he was employed at weekly or monthly wages, and from the allegations in reference thereto it would seem that there was no agreement upon this point."

Following the case above quoted, we add: As the plaintiff is not entitled to avail himself of the provisions of the act of 1891, that provision of the judgment allowing him a counsel fee was unauthorized.

We recommend that the judgment in favor of the plaintiff for the sum of three hundred and ninety-seven dollars as wages and costs be affirmed, and that that portion of the judgment awarding counsel fees and declaring that plaintiff is entitled to a lien upon the property of the corporation defendant and directing a sale of such property be reversed, and that appellant recover its costs on this appeal.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment in favor of the plaintiff for the sum of three hundred and ninety-seven dollars as wages and costs is affirmed, and that portion of the judgment awarding counsel fees, and declaring that plaintiff is entitled to a lien upon the property of the corporation defendant and directing a sale of such property, is reversed, and that appellant recover its costs on this appeal.

McFARLAND, J., TEMPLE, J., HENSHAW, J.