## SPAULDING v. MAMMOTH SPRING MIN. CO. et al.

### Sac. No. 186; June 17, 1897.

#### 49 Pac. 183.

**Lien for Wages—Employees of Corporations.—Plaintiff Alleged** that between June 1 and December 27, 1893, he performed one hundred and seventy days' labor on the mine of defendant corporation, that said services were worth $200 per month, and that a balance of $1,200 was due him. A second count alleged that about March 1, 1893, he was employed by defendant at $200 per month; that from said date until December 27, 1893, he labored on defendant's mine nine and one-half months; and that he had received $700, leaving a balance of $1,200. A third count was on a claim assigned to him for services performed by one D., and alleged that such services were reasonably worth $3 per day. The court found that plaintiff's services were reasonably worth $150 per month, and that D.'s services were reasonably worth $3 per day. Held, that plaintiff was not entitled to a lien under Statutes of 1891, page 195, providing for the payment of wages of laborers employed by certain corporations, and creating a lien therefor that can be enforced only when plaintiff shows that the wages were payable weekly or monthly.

APPEAL from Superior Court, Sierra County; Stanley A. Smith, Judge.

Action by E. Spaulding against the Mammoth Spring Mining Company and J. D. Reilly to recover of defendant company money due plaintiff for services, and to establish a lien therefor. Pending the action, plaintiff died, and H. Spaulding, administrator of his estate, was substituted as plaintiff. There was a judgment against defendant company by default. From that portion of the judgment declaring plaintiff entitled to a lien and that such lien is superior to an attachment lien of defendant Reilly the latter appeals. Reversed.

Frank R. Wehe for appellant; F. D. Soward for respondent.

HAYNES, C.—On December 18, 1893, J. D. Reilly, the appellant in this case, commenced an action against the Mammoth Spring Mining Company to recover the sum of $428.53 due him from said corporation for timber theretofore sold

and delivered to said corporation, and on the same day caused
a writ of attachment to be issued in said action, which was
levied upon all the property of the corporation. At and
prior to the date of said attachment said corporation was in-
debted to E. Spaulding and Daniel Dever for labor per-
formed upon the mining property of said corporation.
Denver assigned his claim for said labor to Spaulding, and on
January 2, 1894, E. Spaulding commenced an action against
the corporation to recover the same, and made appellant,
Reilly, a party defendant. Pending the suit, E. Spaulding
died, and his administrator was substituted as plaintiff.
The action of Spaulding against the corporation was brought
under an act entitled "An act to provide for the payment
of the wages of mechanics and laborers employed by cor-
porations," approved March 31, 1891 (Stats. 1891, p. 195),
and which purports to create a lien in favor of laborers under
the circumstances therein stated. Reilly was made a de-
fendant for the purpose of determining the priority of liens.
The corporation made default. Defendant Reilly moved to
strike out a portion of the complaint, which motion was de-
nied, and he excepted. A demurrer interposed by him to the
complaint was also overruled, and he thereupon answered.
This cause and the case of Reilly against the corporation
were tried at the same time by the court without a jury,
and judgments were entered in each case against the cor-
poration. The findings in this case show all the facts neces-
sary to establish Reilly's attachment lien, and also find that
the plaintiff is entitled to a lien under said statute, and
that the lien of the plaintiff is superior to that of appellant,
Reilly, and should be first satisfied out of the property of the
corporation. Appellant contends, "as it is not alleged or
found that the wages earned were due weekly or monthly,
that that portion of the judgment awarding counsel fees,
and decreeing that plaintiff is entitled to a lien as against
appellant, should be reversed." As to the labor of the plain-
tiff, it was alleged that between the first day of June and
the twenty-seventh day of December, 1893, he performed
one hundred and seventy days' labor upon the mine of the
defendant corporation, and that his said services were rea-
sonably worth $200 per month, and claiming a balance of
$1,200. A second count alleged that on or about the first
day of March, 1893, he was employed by the defendant cor-

poration at the wages of $200 per month, and that from said first day of March, 1893, until the twenty-seventh day of December, 1893, he labored upon defendant's mine nine and one-half months, making the aggregate amount earned $1,900, admitted a payment of $700, leaving a balance of $1,200. The third cause of action was upon the claim assigned to the plaintiff for services performed by Dever, and as to those services it was alleged that they were reasonably worth $3 per day. The court found that the services of the plaintiff were reasonably worth $150 per month, and that the services of Dever were reasonably worth $3 per day. Under these allegations and findings, the plaintiff is not entitled to a lien under said statute. In Keener v. Irrigation Co., 110 Cal. 627, 43 Pac. 14, this statute will be found set out in the opinion, at page 630, 110 Cal.; and page 14, 43 Pac., and it was there said: "By the terms of the first section of this act, it does not apply to all corporations, but only to those who, while doing business in this state, employ laborers and mechanics by the week or month, whose wages, under the terms of their employment, are payable weekly or monthly. It does not purport to impose upon those corporations any duty or liability toward all the mechanics or laborers whom they may employ, or to create a right in favor of those of its employees whose wages are not earned or payable by the week or by the month. As the remedy sought to be enforced herein exists only by virtue of the statute, it was incumbent upon the plaintiff to bring himself within the terms of the statute, and to show that the wages earned by him were due weekly or monthly." That case was decided in department 1 and a hearing in bank was denied. In Ackley v. Mining Co., 112 Cal. 42, 44 Pac. 330, the same question was again presented, and again decided in the same way in department 2. Hence the question has been considered by both departments. And in the later case Keener v. Irrigation Co. was followed and approved, and we see nothing in the argument of respondent which would seem to require a reconsideration of the former decisions. The findings in this case clearly show that there was no agreement under which either Spaulding or Dever could be said to have been working by the week or the month, or that their wages, however earned, were payable either weekly or monthly.

In view of the above authorities, it is not necessary to consider the point made by appellant that the act of 1891, under which respondent claims a lien, is unconstitutional, nor is it necessary to notice either of the rulings above referred to. We advise that the judgment in favor of the plaintiff for the amount found due for labor, to wit, $1,715.43, and costs, $33.90, be affirmed, and that that portion of the judgment awarding counsel fees to the plaintiff, and declaring that plaintiff is entitled to a lien upon the property described in the complaint and judgment, and directing the sale of said property, be reversed, and that appellant recover his costs on this appeal.

We concur: Searls, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment in favor of the plaintiff for the amount found due for labor, to wit, $1,715.43, and costs, $33.90, is affirmed; and that portion of the judgment awarding counsel fees to the plaintiff, and declaring that plaintiff is entitled to a lien upon the property described in the complaint and judgment, and directing the sale of said property, is reversed; and it is ordered that appellant recover his costs on this appeal.