KUSCHEL et al. v. HUNTER et al.

Sac. No. 348; September 14, 1897.

50 Pac. 397.

**Vendor's Lien—Priority Over Mechanic's Lien.**—The priority of a vendor's lien over a subsequent mechanic's lien for work done on the land with knowledge of the vendor's claim is not affected by the latter's noncompliance with Code of Civil Procedure, section 1192, requiring a person having or claiming an interest in land on which an improvement is to be erected to give notice that he will not be responsible for the cost of the same.

**Mechanic's Lien.**—One Seeking to Establish a Lien Under Act of March 31, 1891 (Stats. 1891, p. 195), requiring corporations to pay laborers and mechanics wages due weekly or monthly on such day as shall be selected by the corporation, and giving said laborers a lien for wages not so paid, must show that his wages were payable weekly or monthly.

**Mechanic's Lien.**—An Allegation That Claimant "Agreed to Do Work by the month" at the "agreed rate of $100 per month" is not an allegation that the corporation agreed to pay him monthly.

**Mechanic's Lien.**—A Finding of the Court That the Corporation "Promised" claimant "the sum of $100 per month," and that it did not pay "its employees" the wages earned by them "weekly or monthly on a pay-day in each week or month selected by said company," is not equivalent to a finding that the corporation agreed to pay claimant monthly.

**Appeal.**—A Reviewing Court cannot Add Any Fact to the Findings of the trial court by presumption.

**Master and Servant—Term of Service—Payment of Wages.**—Civil Code, section 2011, declares that, "in the absence of any agreement" as to the term of service, time of payment or rate of wages, a servant is presumed to be hired by the month, at a monthly rate of wages, to be paid when the service is performed. Held, that where the evidence is not before the supreme court, it will not presume that there was no agreement as to the time a servant's wages were to be paid, in order to render available the presumption authorized by such provision of the code.

APPEAL from Superior Court, Siskiyou County; J. S. Beard, Judge.

Action by F. Kuschel and another against Harry H. Hunter and others. From a judgment for plaintiffs, defendant A. R. Campbell appeals. Affirmed.

J. H. Magoffey for appellant; Warren & Taylor for respondents.

CHIPMAN, C.—Action to foreclose a vendor's lien upon certain mining claims in Siskiyou county. Plaintiffs were the owners and conveyed the property to H. H. Hunter, one of the defendants, for the consideration of $2,000, of which $500 were paid in cash, and two promissory notes given for the balance. The notes falling due, plaintiffs commenced this action, and made certain holders of laborers' liens, among them appellant, and also the vendees of the property, parties defendant. The court found as to the order in which the various liens should be satisfied, placing the lien of A. R. Campbell (appellant) subordinate to plaintiffs' lien. Campbell appeals, and upon the judgment-roll alone. The pleadings are verified. The appeal is upon two grounds: (1) That no notice was given by plaintiffs that they were holders of a vendor's lien, or had any interest in the said property as required by section 1192 of the Code of Civil Procedure. (2) That the Siskiyou Mining Company, being a corporation, and having hired appellant by the month, and not having paid him on a pay-day selected by said corporation, his lien is entitled to precedence over all other claims against said property except recorded mortgages and deeds of trust.

1. The lien of a recorded mortgage or deed of trust takes priority over a subsequent mechanic's lien under section 1186 of the Code of Civil Procedure; and section 1192, requiring a person having or claiming an interest in land on which an improvement is to be erected to give notice that he will not be responsible for the cost of the same, does not apply to nor affect the interest of a prior mortgagee under a recorded mortgage: Williams v. Mining Assn., 66 Cal. 193, 5 Pac. 85. In the case before us the court found that plaintiffs had a vendor's lien, and appellant does not dispute the fact. He seeks only to subordinate it to his own. It was also found by the court that plaintiffs' vendee, and the purchaser of the property from plaintiffs' vendee—the Siskiyou Mining Company—had notice of this lien and the unpaid balance due, and that appellant also had such notice during all the times he was subsequently employed by the company. A vendor's lien for the unpaid purchase price of land may be enforced against the vendee and his grantees who have notice of the

vendor's equities: Pell v. McElroy, 36 Cal. 268; Combination Land Co. v. Morgan, 95 Cal. 548, 30 Pac. 1102; Burgess v. Fairbanks, 83 Cal. 215, 17 Am. St. Rep. 230, 23 Pac. 292. The Siskiyou Mining Company (one of the defendants not appealing) therefore took the title from the vendee subject to this lien. The court found that Hunter purchased the property from plaintiffs for himself and others, among them defendant, and that they afterward formed the corporation to which the property was conveyed with the knowledge of defendant, and with knowledge of the indebtedness due plaintiffs. Appellant, as a lienholder under this corporation, he also having notice of plaintiffs' lien, occupies no better position. The reasoning in Williams v. Mining Assn. applies, I think, to the vendor's lien as well as to the lien of a mortgage, and, if this is so, it was not required of plaintiffs to post the notice required by section 1192 of the Code of Civil Procedure, appellant having knowledge of their lien.

2. Appellant, in his answer, sets up two defenses to plaintiffs' claim of priority of lien. He claims a lien under the general mechanic's lien law (Code Civ. Proc., c. 2, tit. 4, pt. 3); and he also in a further defense sets up what presumably was intended to be a claim of lien under the act of March 31, 1891 (Stats. 1891, p. 195), although the answer does not mention that act. The court apparently so treated it, and made findings, while not referring to that act, evidently having reference to it. The lien which was filed by appellant in the recorder's office contained a clause apparently having reference to this act. The act referred to is as follows:

"Section 1. Every corporation doing business in this state shall pay the mechanics and laborers employed by it the wages earned by and due them, weekly or monthly, on such day in each week or month as shall be selected by said corporation.

"Sec. 2. A violation of the provisions of section one of this act shall entitle each of said mechanics and laborers to a lien on all the property of said corporation for the amount of their wages, which lien shall take preference over all other liens, except duly recorded mortgages or deeds of trust. . . . ."

This act makes no provision for filing a lien under it, and, as we have found that the lien filed under the general

mechanic's lien law, so far as that law is involved, was subordinate to plaintiffs' lien, appellant gained no right, under the act just quoted, by filing his lien.

The answer alleges that defendant "entered into an agreement whereby this defendant agreed to do work and labor as a miner, by the month, upon the property of the said Siskiyou Mining Company, . . . . at the agreed rate of $100 per month, etc.; . . . . that said Siskiyou Mining Company is a corporation doing business in the state of California, and that it has not paid the mechanics and laborers employed by it the wages earned by and due them weekly or monthly, on any day in each week or month selected by such corporation." The findings of the court were: That "said defendant Siskiyou Mining Company promised defendant A. R. Campbell the sum of $100 per month for such work and labor," and "that said Siskiyou Mining Company did not pay its employees the wages earned by and due them weekly or monthly, on a pay-day in each week or month selected by said company." This act first came under review in Keener v. Irrigation Co., 110 Cal. 627, 43 Pac. 14. The opinion is by Mr. Justice Harrison, in which he said: "As the remedy sought to be enforced herein exists only by virtue of the statute, it was incumbent upon the plaintiff to bring himself within the terms of the statute, and to show that the wages earned by him were 'due weekly or monthly.'" Appellant by his answer does not bring himself within the terms of the statute, as he fails to state when his wages were due. He alleges that "he agreed to do work by the month" at the "agreed rate of $100 per month," but this is not an allegation that the company agreed to pay him monthly. His other allegation is too general and too indefinite to strengthen the pleading in this regard. The finding of the court that the company "promised defendant the sum of $100 per month for such work and labor" is not a finding that it promised to pay that sum monthly. The evidence is not before us, and we cannot say from the finding but that the agreement was to pay quarterly, or semi-annually, or annually, and that the compensation was merely measured by the month. The presumptions we are permitted to indulge must be in support of the judgment. If there are doubts as to the meaning of the finding, they must be resolved in support of the judgment. The balance of the finding contains the vice of the answer, and is in

almost its exact language. It is general as to the employees, and is not a specific finding that the company did not pay this defendant at the time agreed upon, and, if it did, it would not cure the defect, because there is no finding as to the time when defendant was to be paid, whether weekly or monthly: See, also, Ackley v. Mining Co., 112 Cal. 42, 44 Pac. 330.

If it be said that section 2011 of the Civil Code supplies by presumption the fact as to time of payment, the answer is that we are not permitted to add any fact to the findings by presumption, nor can we presume that there was "the absence of any agreement" as to when appellant was to be paid, which fact is the basis for resorting to the presumption as to when the wages were due. Besides, as was said in 110 Cal. 627, 43 Pac. 14, it was incumbent upon the appellant to bring himself within the terms of the statute, "and to show that the wages earned by him were 'due weekly or monthly.' " The owners of the property do not appeal, and no objection is made to the decree by any of the parties adjudging appellant entitled to a lien. The court made his lien subordinate to that of plaintiffs, in which there was no error. It is therefore recommended that the judgment be affirmed.

We concur: Haynes, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.