## TREAT *v.* LAFORGE *et als.*

IN suit against several defendants known as "Table Mountain Water Co.," for possession of a ditch, the verdict was "we find for the plaintiff and against L.," one of the defendants. Judgment was entered that defendant surrender possession of the ditch to plaintiff, and that plaintiff recover of L., "one of said defendants, the sum of —— his costs," etc. *Held,* that there is no error in the judgment, that it must be construed by the verdict, which is confined to plaintiff and L.

APPEAL from the Fifth District.

Suit against eight defendants, one of whom was Laforge, known as The Table Mountain Water Company, for possession of a ditch.

The verdict was—"We the jury find for plaintiff and against A. B. Laforge." Upon this verdict the judgment was, that plaintiff recover the possession of the ditch, without stating of whom the possession was to be recovered. The judgment then goes on, "that said defendant * * surrender possession of," etc., and that plaintiff "recover of A. B. Laforge, one of said defendants, the sum of one hundred and seventeen dollars, his costs and disbursements."

Defendants appeal.

*Robinson, Beatty & Heacock,* for Appellants, made the point, that the judgment does not conform to the verdict in this; that, while the verdict is against Laforge only, the judgment is absolute for the property, and affects the rights of all the parties—the complaint and answer showing all to be in possession.

*Thos. Sunderland,* for Respondent, said, 1st. The judgment is against Laforge only, and, therefore, follows the verdict. 2d. If the judgment be against the other defendants, they cannot complain, because the error is clerical, and they failed to move to correct it in the Court below.

COPE, J. delivered the opinion of the Court—BALDWIN, J. and FIELD, C. J. concurring.

The judgment in this case must be construed by the verdict, which is confined to the plaintiff and the defendant, Laforge. We see no error in the record.

Judgment affirmed.