[Nos. 14345 and 14346.   In Bank. — August 6, 1892.]

## COMBINATION LAND COMPANY, APPELLANT, *v.* A. C. MORGAN, RESPONDENT.

ORDER DENYING NEW TRIAL — EFFECT OF NUNC PRO TUNC AMENDMENT — RELATION TO DATE OF ORDER — APPEAL. — A *nunc pro tunc* order of the trial court amending an order denying a new trial after the taking and perfecting of an appeal therefrom, by adding a recital to the effect that the motion for a new trial was based and submitted on a bill of exceptions filed at the date of the hearing of the motion, merely corrects the first order, and takes effect as of the date of the order corrected; and a contention that the last order superseded the first, and is the only order denying a new trial, which should have been appealed from instead of the first order, is untenable. In legal effect there was but one order.

NEW TRIAL — BILL OF EXCEPTIONS — SPECIFICATIONS — INSUFFICIENCY OF EVIDENCE — DECISION AGAINST LAW. — Where the specifications in a bill of exceptions used on a motion for new trial include a double statement that the evidence is insufficient to justify the decision, and that the decision is against law in the particulars specified, the ambiguity is removed where the particulars stated show that the objection is to the insufficiency of the evidence.

VENDOR'S LIEN — BONA FIDE PURCHASER — NOTICE BEFORE PAYMENT. — In an action to foreclose a vendor's lien upon land, a defense of a second vendee, that he was a *bona fide* purchaser for value without notice, is not made out by proof that he purchased in good faith, without any previous

knowledge of the fact that his vendor had not fully paid the original vendor, but it is also necessary for him to show that he had paid for the land before he received notice of the original vendor's lien.

ID. — NOTICE OF NON-PAYMENT BY VENDOR — EFFECT UPON SECOND VENDEE — DEDUCTION FROM PURCHASE PRICE. — Notice to a second vendee of land before his payment for the land, that his vendor had not fully paid the original vendor, is equivalent to a notice before purchase, and he is affected *pro tanto* as to the amount remaining unpaid by his vendor, and if he pays such amount he can enforce repayment from his vendor by deducting it from the purchase price or valuation of the land sold to him.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*George Fuller,* and *Noah Hodge,* for Appellant.

*Hunsaker, Britt & Goodrich,* for Respondent.

BEATTY, C. J. — In this case the plaintiff gave one notice of appeal from the judgment and from the order denying its motion for a new trial, and one transcript of the record would have sufficed for both appeals, but two transcripts of the same record have been filed; one labeled "Transcript on appeal from the judgment," numbered 14346, and the other labeled "Transcript on appeal from order refusing new trial," numbered 14345, thus apparently making two cases of what is practically one.

All errors assigned and referred to in the argument are presented by the appeal from the order, and to that I shall confine my attention.

The objections urged by the respondent to the right of the appellant to be heard on this appeal are untenable. The order denying a new trial was made and entered June 21, 1890, and the notice of appeal designates it as of that date. After the appeal had been taken and perfected, the appellant, on the 19th of January, 1891, obtained a *nunc pro tunc* order of the superior court amending its order of June 21, 1890, by adding a recital to the effect that the motion for a new trial was based

and submitted on a bill of exceptions filed at the date of the hearing. The contention of the respondent is, that the last order superseded the first, and was and is the only order denying a new trial, and that it never has been appealed from. We think, on the contrary, the second order merely corrected the first, and took effect as of the date of the order corrected. · In legal effect there was but one order. The new trial was denied June 21, 1890, and the time for appealing began to run at that date.

Another objection of the respondent to the consideration of the errors assigned (which relate solely to the sufficiency of the evidence to sustain the findings) is, that the bill of exceptions contains no specifications of the particulars in which the evidence is alleged to be insufficient.

The plaintiff in framing his bill of exceptions prefaced his specifications with this statement: " Plaintiff says that the evidence introduced on said trial is insufficient to support said decision, and said decision is against law in the following particulars." The respondent claims that because this statement embraces two distinct grounds of motion he was not apprised by the following specifications whether the attack upon the decision was on the ground of insufficiency of the evidence to sustain it, or on the ground that it was against law. But we think that whatever view may be taken as to the distinction between a decision against evidence and a decision against law, and however ambiguous the expression above quoted may be held to be, the specifications by which it was followed in this bill of exceptions were amply sufficient to remove the ambiguity, and apprise the defendant that the real ground of attack upon the decision was insufficiency of the evidence to justify the findings of the court, to the effect that he was a *bona fide* purchaser without notice and for a valuable consideration.

The case as presented entitles the appellant to a hearing on the merits.

The material facts are as follows: In December, 1887, the defendant Clara Foltz and the respondent Morgan agreed together that they would purchase from the plaintiff a small tract of land known as the Sorrento. The price of the tract was $3,351.50. Foltz and respondent agreed that each would contribute one half of the purchase-money; that Foltz should make the purchase, take a conveyance of the land in her own name, and hold a half-interest in trust for respondent. In pursuance of this agreement, respondent gave Foltz his half of the purchase-money, and she procured the conveyance to be made to herself. But she did not pay the entire purchase price in cash. There was a balance of $574.84, for which she gave her promissory note. Subsequently she and respondent agreed to make an exchange of lands; that is to say, respondent agreed to sell her a house and lot valued at $5,300, for which she was to pay by assuming a mortgage thereon amounting to $2,400, by conveying the Sorrento, — her half-interest therein being valued at $1,250, — and by making up the balance in money. In pursuance of this agreement she paid $1,000 in cash, conveyed the Sorrento to respondent, and gave him her note for the balance of $650. He placed her in possession of the house and lot, but retained the title as security for the payment of her note. Her conveyance of the Sorrento was made May 9, 1888, and it is found by the superior court, upon evidence which is sufficient to sustain such finding, that up to this date respondent had no notice of the fact that she had not paid to plaintiff the full purchase price of said tract at the date of her purchase. But before the respondent made any conveyance to her of the house and lot, and while he still held the title as security for her note, he was fully informed that there was still due from her to the plaintiff, upon the purchase price of the Sorrento, the amount of her note for $574.84.

This action is to foreclose the vendor's lien of the plaintiff on the Sorrento for said amount. The defendant Foltz suffered judgment by default. Her co-defend-

ant, the respondent Morgan, defended upon the ground that he was a *bona fide* purchaser for value.

The evidence, as above stated, is sufficient to sustain the finding of the court that he purchased in good faith, without any previous knowledge of the fact that his vendor had not fully paid her vendor, the plaintiff. But this is not sufficient to make out his defense. It was also necessary for him to show that he had paid for the land before he received notice of the vendor's lien, and this he had not done. The only payment he was to make was by conveyance of the house and lot which he exchanged for the Sorrento, and that he had not done before notice. The fact that he had placed Mrs. Foltz in possession was immaterial so long as he held the title as security for the balance due. If, upon receiving notice of the amount of her indebtedness to plaintiff, he had paid it, there is no doubt that he could have enforced repayment from her. The amount so paid would simply have been deducted from the valuation placed on her interest in the Sorrento, leaving her indebted to him on the house and lot that much more, secured, like her note for $650, by the title which he held, and its collection enforceable by the same means.

The authorities cited in the appellant's brief amply sustain the proposition that notice before payment is equivalent to notice before purchase, and that when there has been a partial payment, before notice to a second vendee of the original vendor's lien, he is affected *pro tanto* as to the residue. It is unnecessary to repeat these citations here.

There is no direct and explicit finding that respondent paid for the Sorrento before notice of plaintiff's lien, nor is there any general finding which very clearly embraces such fact, though finding 3 was perhaps intended to embrace it. If the fact is not found, the judgment is erroneous; if it is found, the finding cannot be sustained. Upon either hypothesis the appellant is entitled to a new trial.

Judgment and order reversed, and cause remanded.

Harrison, J., McFarland, J., Sharpstein, J., Pater-
son, J., De Haven, J., and Garoutte, J., concurred.