[L. A. No. 3487. Department One.—July 15, 1915.]

## THOMAS MILLER, Respondent, v. JOHN F. MORE, Appellant.

FLOODING OF LAND—DAMAGE—INSUFFICIENCY OF EVIDENCE.—Where the complaint alleges two causes of action, one on account of a change in the course of a creek in one year, and the other on account of a second change in a subsequent year, and the court found in favor of the defendant as to the first cause of action because the claim was barred by the statute of limitations, and the judgment was given solely for the injury caused by the flood complained of in the second cause of action, but the testimony upon which damages were awarded included some damage caused by the flood complained of in the first cause of action and did not sustain the finding that the damages for the flood of the subsequent year amounted to what the court found, it is impossible to determine on appeal the amount the judgment should be reduced, and the judgment should be reversed for that reason.

ID.—JUDGMENT—EFFECT OF.—Where the findings were against the plaintiff on the first count and the judgment contained nothing whatever with respect to this count, but the conclusion of law was that plaintiff was entitled to recover of the defendant a certain amount as damages for the injury suffered in the year mentioned

in the second count, and the judgment declared that "in consideration of said findings of fact and conclusions of law," the plaintiff shall recover the amount named and costs, it purporting to be the final judgment of the action and disposing of all issues, it is in effect an adjudication against the plaintiff and in favor of the defendant upon the first cause of action, the reason being that, although not so appearing on the face of the judgment, it is actually and necessarily included therein.

ID.—JUDGMENT FOR PLAINTIFF—IMPLIED JUDGMENT FOR DEFENDANT—APPEAL.—Where the notice of appeal states that the defendant appeals from the final judgment "in favor of the plaintiff in said action and against said defendant, and from the whole of said judgment," the appeal is solely from the judgment rendered in favor of the plaintiff and against the defendant upon the second count of the complaint, and it is not an appeal from the implied judgment in favor of the defendant against the plaintiff on the first count. A reversal of the judgment appealed from will, therefore, not constitute a reversal of the judgment in favor of the defendant and against the plaintiff on the first count, and that cause of action stands adjudicated and no new trial can be had thereon. If plaintiff was dissatisfied with that part of the judgment it was incumbent upon him to appeal therefrom.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

William G. Griffith, for Appellant.

B. F. Thomas, and Martin H. Buck, for Respondent.

SHAW, J.—The appeal is from the judgment below. It was taken within sixty days after the entry thereof, and the evidence is brought up in a bill of exceptions.

The complaint states a cause of action to enjoin the further interference by the defendant with the waters of a stream flowing through his land, known as Maria Ygnacia Creek, and to recover damages alleged to have been caused to the plaintiff's land by the interference referred to. Judgment was given for the plaintiff for damages in the sum of one thousand five hundred dollars and enjoining the defendant from thereafter diverting the waters of the creek in such a manner as to cause the same to overflow the lands of the plaintiff. The complaint alleges two causes of action, one on account of

a change in the course of the creek made in 1908, the other on account of a second change made in 1909. The court found in favor of the defendant with respect to the changes of 1908, and the injuries resulting therefrom. The judgment is based wholly upon the second count of the complaint. This count avers that in the fall of 1909, the defendant cut a new channel in the creek from a point about two hundred feet northerly from the northwest corner of the plaintiff's land and extending from that point southerly to a point beyond the southwest corner of plaintiff's land. This new channel lies between the creek and the plaintiff's land and about one hundred and forty feet west of plaintiff's land at the northwest corner, but approaching within about twenty feet at the southwest corner. It does not re-enter the old channel of the creek but ends abruptly at some distance southerly of the plaintiff's south line, at a place where there is a dense growth of willows sufficiently large to obstruct drift carried down said new channel. About half way along its course the old channel took an abrupt turn to the west. At this point defendant constructed a dam or obstruction in such a manner as to turn the water of the old channel into the new channel. As the result of these changes in the course of the water down the stream, the debris and driftwood, carried therein during a heavy flood, lodged against the willows at the end of the new channel and thereby caused the flood waters to flow in large quantities over the southern part of plaintiff's land, destroying the crops and covering it with sand to a depth varying from one to five feet. The plaintiff's land consists of a tract of twenty-five acres. The defendant's land adjoins the same on the west and also on the south.

The answer denied the allegations of the complaint, and, as an affirmative defense, alleged that at the time the defendant began to cut said new channel and make the said dam, the plaintiff had knowledge thereof and gave his consent thereto, that because of such consent and in reliance thereon the defendant incurred the expense of making such new channel and building said dam, and that by this conduct of the plaintiff he is estopped to complain of the consequences of the alterations in the course of the stream.

In support of the appeal the defendant asserts that the evidence does not support the judgment in this, that it does not show that the change in the course of the stream caused the

flooding of the plaintiff's land and that it does show that the plaintiff is estopped by reason of his consent to said change before it was made by the defendant. He also claims that the damages are excessive.

The contention that the evidence does not justify the findings in respect to the cause of the flooding of plaintiff's land and upon the estoppel, cannot be maintained. The making of the new channel is not disputed, nor is there any question but that it caused a change in the course of the water in times of flood whereby a much larger quantity was carried down the course of the new channel than would have naturally flowed at that place, with the result that a large quantity of debris and driftwood was piled up against the willows at or near the lower end thereof. There was evidence to the effect that this pile of driftwood turned the water from its course and caused it to flow in large quantities over the plaintiff's land. The fact that a part of said land was covered with sand by this flood is not disputed. There is doubt whether all the damages assessed were caused by this alteration in the stream. It also appears that the flood of 1911 which caused the damage was an unusual one and it may be that it would have caused the damage to plaintiff's land even if there had been no change in the channel. But the court below might have believed from the evidence that the change in the channel caused some injury to the plaintiff's land that would not have been occasioned otherwise, and we cannot say that it erred in its conclusion that the cause of action was established. .

With respect to the estoppel, there is evidence to the effect that the plaintiff was not asked to view the work of making the change until it was about completed and that the most that can be said as to his conduct at that time was that he made no objection thereto. If this be true, as we must presume for the purposes of our review on appeal, it is obvious that the defendant did not cut the new channel in reliance upon the consent of plaintiff. In such a case there can be no estoppel.

After reading the evidence on the subject we have reached the conclusion that the damages allowed are excessive. The finding on this point appears to be based upon the evidence of the witness Hollister. He testified that he had seen the land after the flood of 1911, which caused the damage, and that there were five acres of it which were almost worthless because there was so much sand on it, and that he "would estimate

the damage to be $1500 in proportion to the value of the tract before it was damaged.'' He further stated that in estimating the one thousand five hundred dollars damages he assumed that the five acres upon which sand was deposited was practically worthless. There was other undisputed evidence to the effect that a part of this five acres was capable of producing crops and was of some value, and that while the land, after the flood of 1911, was covered with sand which, in some places, was four or five feet deep, yet that one and a half acres of it were covered with sand and rendered worthless thereby from the flood of 1909. As to the flood of 1909, the court found for the defendant because the claim was barred by the statute of limitations. The judgment was given solely for the injury caused by the flood of 1911. From this it necessarily follows that the entire damage of one thousand five hundred dollars estimated by Hollister included some damage caused by the flood of 1909, and that his testimony does not sustain the finding that the damage from the flood of 1911 was one thousand five hundred dollars. There is no other evidence sufficient to sustain that finding. It is impossible for the court to determine from the evidence the amount of the reduction that should be made because of these facts. It is clear that it would be a substantial amount, and that the judgment for one thousand five hundred dollars for that injury alone would be unjust. For this reason we find it necessary to reverse the judgment so far as it operates against the defendant.

It is to be observed that while the findings were against the plaintiff on the first count of the complaint for the damages from the flood of 1909, the judgment contains nothing whatever with respect to this count. The conclusion of law is that the plaintiff is entitled to recover of the defendant one thousand five hundred dollars as damages for the injuries suffered in the year 1911. This was the injury set forth in the second count. The judgment declares that ''in consideration of said findings of fact and conclusion of law,'' the plaintiff shall recover the one thousand five hundred dollars and costs. There is also an injunction ordered which need not be recited. The judgment purports to be, and is, the final judgment in the action. It disposes of all the issues. In effect, therefore, it is an adjudication against the plaintiff and in favor of the defendant upon the cause of action for the flood of 1909, the

reason being that, although not so appearing on the face of the judgment, it is "actually and necessarily included therein." (Code Civ. Proc., sec. 1911.) The notice of appeal states that the defendant appeals from the final judgment "in favor of the plaintiff in said action and against said defendant, and from the whole of said judgment." This makes it an appeal solely from the judgment rendered in favor of the plaintiff and against the defendant upon the second count of the complaint. It is not an appeal from the implied judgment in favor of the defendant against the plaintiff upon the first count for the damages from the flood of 1909. A reversal of the judgment appealed from will, therefore, not constitute a reversal of the judgment in favor of the defendant against the plaintiff on the first count. That cause of action stands adjudicated and no new trial can be had thereon. If the plaintiff was dissatisfied with that part of the judgment it was incumbent upon him to appeal therefrom. Since he has not done so it is final between the parties. The effect of the reversal will be to direct a new trial of the cause of action based upon the damages resulting from the flood of 1911.

The judgment in favor of the plaintiff and against the defendant is reversed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.