[Civ. No. 5322.   Second Appellate District, Division Two.—May 29, 1926.]

## L. B. McCONVILLE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] JUDGMENTS — AMENDMENT — DOCKET—NEW TRIAL.—The fact that an order directing the amendment of an original judgment refers to said judgment does not necessarily incorporate said judgment in the amendment, and thereby extend the time within which to move for a new trial; nor is the status of such later order determined by the fact that the clerk, in addition to correcting the first judgment on its face, also separately enters and dockets such later order.

[2] ID.—ALTERATION—JUDICIAL DISCRETION.—Not every alteration of a judgment by the court which rendered it will operate as a readjudication of the case; but a charge which materially affects the judgment and the rights of the parties against whom it is rendered and involves the exercise of judicial discretion amounts to a new judgment.

[3] ID. — CORRECTION OF CLERICAL ERRORS. — The trial court has full jurisdiction to correct clerical errors in its judgments, even though upon its own motion, and such an amendment leaves the original judgment otherwise effective and unimpaired.

[4] ID.—CORRECTION OF JUDGMENT—VOID ORDER—NEW TRIAL.—Where an order directing the amendment of an original judgment is properly regarded as having been made to correct a mere clerical error, such original judgment stands, and a motion for a new trial is properly dismissed where the notice of intention was served more than two months after the entry of said original judgment; and where such correction is of a judicial error, and not merely a clerical error, and the order directing the amendment is void, no motion for a new trial designating such order need be considered or heard by the court.

[5] ID.—FINAL DECISION—MINUTE ORDER.—The findings of fact and conclusions of law constitute a statement of the court's decision as finally made, and such statement supersedes any prior minute order as to the court's decision.

[6] ID.—FINDINGS—ERROR—REMEDIES—VOID ORDER.—In an action for damages for negligence, where the findings are complete and suffi-

cient to support the judgment, but the trial court errs in failing to find in favor of the indemnity company intervener as to the sum paid out by it on behalf of plaintiff, and also fails to include this item in the judgment, the remedy for such error is by motion for new trial or appeal, or, perhaps, in a proper case, by amendment under section 473 of the Code of Civil Procedure; and an order purporting to correct such error by an amendment of the judgment, based upon the stipulation of plaintiff and intervener, is beyond the court's jurisdiction and void and has no effect upon the judgment previously entered, which remains the final judgment of the court.

---

(1) 34 C. J., p. 95, n. 22, p. 251, n. 49 New.    (2) 34 C. J., p. 251, n. 61, 63 New.    (3) 34 C. J., p. 225, n. 75, p. 251, n. 61.    (4) 34 C. J., p. 234, n. 91.    (5) 33 C. J., p. 1195, n. 60; 34 C. J., p. 234, n. 91.    (6) 4 C. J., p. 1060, n. 22; 33 C. J., p. 1174, n. 71; 34 C. J., p. 234, n. 92.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County, and Carlos S. Hardy, Judge thereof, to pass upon a motion for new trial. Writ denied.

The facts are stated in the opinion of the court.

Mott & Vallee and Culver & Nourse for Petitioner.

Voltaire Perkins, C. B. Conlin, E. R. Sims and Haas & Dunningan for Respondents.

CRAIG, J.—By this proceeding a writ of mandate is sought to compel the Superior Court to pass upon a motion for new trial. The facts necessary to a determination of the question involved are as follows: Luther Johnson filed suit against L. B. McConville for damages based upon alleged negligence by the agent of McConville in operating an automobile owned by the latter. The New York Indemnity Company filed a complaint in intervention; its claim was predicated upon the same facts as those alleged in the complaint of Johnson. Issue was joined upon each of these pleadings, and the case was tried by the court without a jury. At the conclusion of the trial the court rendered its decision, a portion of the minute order entry of which is as follows: "The court now finds judgment for plaintiff, general damages $3,000.00 and loss of time $4,000.00 (20 months at $200.00) and costs. Intervenor to have lien for

amounts paid. Stay of execution of ten days from entry of judgment granted. Plaintiff's attorney to prepare judgment and findings." The findings of the court thereafter made included a finding that the intervener had paid the sum of $178.25 for hospital and medical expenses of the plaintiff, but this was the only finding as to expenditures made by the intervener; and as conclusions of law from the facts found the trial court decided that the plaintiff was entitled to judgment in the sum of $7,000, and that the indemnity company was entitled to receive out of such amount $178.25, and to have a lien upon the balance for the amount demanded in the complaint in intervention.

On November 25th judgment was entered based upon these findings, wherein it was adjudged and decreed that the plaintiff have and recover from the defendant the sum of $7,000, together with costs and disbursements, and that the indemnity company be paid out of said sum $178.25, and that it have a lien of $1,317.94 on the balance, which lien should continue up to 245 weeks from February 26, 1924.

No notice of entry of this judgment was given. However, on December 4, 1925, the defendant served upon the plaintiff Johnson and filed a notice of intention to move for a new trial, but this notice was not served upon the intervener.

On December 8th there was entered an order entitled "Order amending judgment," which provided that the judgment "filed the 24th day of November, 1925, and entered the 25th day of November, 1925, in book 596 at page 276 of judgments, be and the same is hereby amended by substituting in the third paragraph thereof in the place and stead of the figures 'one hundred seventy-eight twenty-five' the figures 'three hundred fifty-nine seventy-seven,' and it is further ordered amendment be made *nunc pro tunc* as of the date of filing the entry of said judgment." On the same date, pursuant to the above order, the clerk amended the original judgment and wrote on the margin, "amended by order of court, entered 12–8–25, Book 601, page 220." The clerk also amended the original docket entry of the judgment and entered the order on a separate page of the record. No notice of the making, filing, or entry of this amendment to the judgment was given to the defendant or to his attorneys, and they had no notice of it until February 2, 1926.

This *nunc pro tunc* order was made pursuant to a written stipulation between attorneys for the plaintiff and the intervener previously filed, which stipulation appears to have been based upon the fact that during the trial there was uncontradicted evidence to the effect that in addition to the item of $178.25 expended for hospital and medical expenses of the plaintiff the indemnity company had paid $181.52 as disability compensation.

On January 18, 1926, a motion for new trial was argued and submitted. On February 2, 1926, the defendant served upon the attorneys for the plaintiff and attorneys for the intervener a second notice of intention to move for a new trial, and to vacate the judgment as amended. This latter motion came on regularly to be heard on February 4, 1926, and after argument the court ordered the proceedings dismissed for want of jurisdiction.

It seems clear that the sole question involved is the date of the entry of final judgment. Was it entered November 25 or on December 8, 1925? Obviously, it was the former date, unless the effect of the court's order made on December 8th was to substitute a new judgment for that already entered.

[1] The petitioner asserts that the amendment refers to the original judgment (which is true), and therefore incorporates the latter in the former, which does not follow. In nearly all cases where a clerical error in a judgment has been corrected by amendment an order was made directing the amendment, and necessarily referring to the judgment to be amended. For example, this was so in *Combination Land Co.* v. *Morgan*, 95 Cal. 548 [30 Pac. 1102]. Nevertheless, it was held that the second order merely corrected the first, leaving the first in full force and effect. It was not held that the second order superseded the first and resulted in the first being incorporated in the second, as counsel argues.

Nor is the mere fact, if it be true, that the clerk in addition to correcting the first judgment upon its face also separately entered and docketed the second order, determinative of the status of the latter. The clerk's action was of course ministerial. It is of no consequence as affecting the materiality or finality of either the judgment entered on November 25th, or the order subsequently made.

[2] Not every alteration of a judgment by the court which rendered it will operate as a re-adjudication of the case. The authorities are clear that a change which materially affects the judgment and the rights of the parties against whom it is rendered and which involves the exercise of judicial discretion amounts to a new judgment. (*Mann* v. *Haley,* 45 Cal. 63; *Estate of Potter,* 141 Cal. 350 [74 Pac. 986].) [3] It is equally well settled that the trial court has full jurisdiction to correct clerical errors in its judgments, even upon its own motion, and that such an amendment leaves the original judgment otherwise effective and unimpaired. (*Egan* v. *Egan,* 90 Cal. 15, 21 [27 Pac. 22]; *Homeseekers' Loan Assn.* v. *Gleason,* 133 Cal. 312 [65 Pac. 617].)

[4] But under either view of the matter the petitioner is, we think, precluded from the remedy sought. If the amendment be regarded as having been made to correct a mere clerical error, the first judgment stands as the final judgment of the court, and, of course, the second motion for a new trial was properly dismissed. On the other hand, if the correction was of a judicial error, the order of the court directing the amendment was a nullity; the amendment made was void and no motion for a new trial designating such an order as that sought to be set aside need be considered or heard by the trial court.

[5] If the first judgment was erroneous in omitting an allowance of the item of $181.52, we have no doubt that the error was a judicial one. In the findings of fact and conclusions of law no reference is to be found to this matter, or to the claim that the company had paid it as disability compensation. The only basis for the assertion that the court intended to include this sum in its judgment is the fact that by its amendment of the order it was provided, "Intervener to have lien for amounts paid," and also that the evidence that the intervener advanced this money was uncontradicted. We have no means of knowing what amounts the court had in mind except as indicating by the findings, and regardless of the evidence which is mentioned, and of the fact that by omitting such an item from its consideration error may have been committed. For aught that appears in the record, the court may have deliberately intended to leave it out. But even if the minute order had

been specific in mentioning as one of the "amounts" the
$181.52, it would be superseded by the findings and con-
clusions of law. These constitute a statement of the court's
decision as finally made. (*O'Brien* v. *O'Brien,* 124 Cal. 422
[57 Pac. 225].)

[6] The findings are complete and sufficient to support
the judgment entered on November 25th. In view of the
undisputed testimony it apparently was error for the court
to have omitted to find that the intervener had paid out
the sum in question on behalf of the plaintiff as well as to
have failed to include this item in the judgment. However,
for such an error the remedy is by motion for new trial or
appeal. Judicial errors such as this may be corrected only
through one of these means (*First Nat. Bank* v. *Dusy,* 110
Cal. 69 [42 Pac. 476] ; *Byrne* v. *Hoag,* 116 Cal. 1 [47 Pac.
775]) ; perhaps, also, in a proper case by amendment under
section 473 of the Code of Civil Procedure. (*Scamman* v.
*Bonslett,* 118 Cal. 93 [62 Am. St. Rep. 226, 50 Pac. 272].)
It follows that the order of December 8th was beyond the
court's jurisdiction and void. It had no effect upon the
judgment previously entered, which remains the final judg-
ment of the court.

There is nothing in the cases cited in conflict with the
foregoing. They consist of instances in each of which an
order was made after judgment correcting a clerical mis-
prision, and not materially affecting the substance of the
judgment, and therefore it was held to have remained in
full force and effect; or, of cases where a material change
was made involving the exercise of judicial discretion, and
which were subsequently determined to be amendments cor-
recting judicial errors. Wherever in this latter group the
second order was construed as a judgment superseding a
former one, the second judgment was made pursuant to a
motion for new trial or at a period in the litigation where it
was *in fieri,* neither of which is true in the instant case.

The petitioner has no cause for complaint, for he had ample
opportunity to present a motion for a new trial based on the
judgment of November 25th and to appeal from that judg-
ment. It is also true that there was nothing in the at-
tempted amendment which in any way altered his rights or
obligations. Had his contention been sustained to the effect
that the order amending the judgment, and the entry and

docketing of the former ˙constituted a new judgment, it would have gained him no advantage except to furnish him a second chance to appeal.

The application for a peremptory writ of mandate is denied.

Finlayson, J., and Works, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 28, 1926, and an application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 26, 1926.