[Civ. No. 15162.   Second Dist., Div. Three.   June 17, 1946.]

HUGH B. MARTIN et al., Appellants, v. FREDERICK RAY et al., Defendants; GARDEN LAND COMPANY, LTD. (a Corporation), Respondent.

Chas. L. Nichols for Appellants.

Richard J. O. Culver and Felix H. McGinnis for Respondent.

WOOD, J.—This is an appeal by plaintiffs from an order amending a judgment *nunc pro tunc*. Appellants contend that the amendment was a correction of a judicial error, and therefore the court did not have power to so amend the judgment. Respondent Garden Land Company, Ltd., asserts that it was a correction of a clerical error, and therefore the court had power to make the amendment.

Plaintiffs sought relief against defendants Frederick Ray and Mary Louise Ray by reason of the alleged violation by said defendants of certain restrictions affecting real property. In the same complaint they also sought relief against defendant Garden Land Company, Ltd., by reason of the alleged breach of its warranty that it would enforce said restrictions.

After three days of trial, the action was submitted for decision on July 31, 1944. On September 1, 1944, the judge signed and filed his memorandum of opinion, the last paragraph of which was as follows: "Judgment for the plaintiffs against the defendants Ray in the sum of $1,000.00, and that a mandatory injunction issue commanding defendants to remove said obstruction by November 1st, 1944, and Judgment against the defendant Garden Land Company Ltd. in the sum of $10.00." Immediately preceding that paragraph the opinion recited that the "damages as against the Land Company should be nominal and set at $10.00."

The findings of fact, conclusions of law, and judgment were prepared by counsel for the plaintiffs (appellants herein), and they were signed and filed by the judge on October 17, 1944. The judgment so prepared and signed contained the usual preliminary recitals as to when the case was tried, the name of the judge, the names of counsel, that the cause was submitted, and that findings of fact and conclusions of law had been filed. It then read as follows: "WHEREFORE, by reason of the law and the findings of fact as aforesaid, IT IS ORDERED, ADJUDGED AND DECREED, as follows:

"1. Defendants Mary Louise Ray and Frederick Ray are hereby commanded forthwith to remove from that certain real property in the City and County of Los Angeles, California described herein as parcel C, the building or structure heretofore constructed by them on said parecl, or so much of said building or structure as now remains upon said structure [property].

"2. Defendants Mary Louise Ray and Frederick Ray are hereby commanded forthwith to remove from that certain real property in the City and County of Los Angeles, California described herein as Parcel A, the building or structure, known as the Gate House, heretofore constructed by them on said parcel, and now standing constructed thereon.

"3. That plaintiffs have and recover of and from defendants herein, and each of them, the sum of one thousand dollars ($1,000.00) with interest thereon at the rate of seven per cent (7%) per annum from the date hereof until paid together with plaintiffs' costs and disbursements incurred herein amounting to the sum of $15.25."

It will be observed that the judgment prepared for the signature of the judge did not specifically mention the name of defendant Garden Land Company, Ltd., in the body of the judgment, but the names of defendants Frederick Ray and Mary Louise Ray were specifically mentioned in two places therein. The name of the defendant Garden Land Company, Ltd., appeared only in the title of the cause at the heading of the judgment. It is to be noted also that in the third paragraph of the judgment wherein the amount to be recovered was stated, which paragraph immediately followed specific references to defendants Frederick Ray and Mary Louise Ray, the names of the defendants were not stated, but only a general reference was made therein to the "defendants."

The attorneys for defendant Garden Land Company, Ltd., respondent herein, were attorneys for all the defendants at the trial, namely, Frederick Ray, Mary Louise Ray, and Garden Land Company, Ltd. On November 3, 1944, said attorneys made a motion for a new trial solely on behalf of the defendants Ray. After that motion was denied, said attorneys appealed from the judgment solely on behalf of the defendants Ray.

On May 10, 1945, the said defendant Garden Land Company, Ltd., filed a notice of motion for a *nunc pro tunc* order amending said judgment by inserting in the last paragraph

thereof, after the word "from" and preceding the words "defendants herein," the words "Frederick Ray and Mary Louise Ray," so that it would recite that plaintiffs recover from Frederick Ray and Mary Louise Ray, defendants herein, and each of them the sum of $1,000.

According to the affidavit of Mr. McGinnis, one of the attorneys for respondent, in support of the motion to amend the judgment, he understood that said judgment, in referring to the "defendants herein" in the last paragraph thereof, referred only to the defendants thereinbefore named in the body of the judgment, namely, Frederick Ray and Mary Louise Ray. He also stated therein that his said understanding was based upon the judgment and the unequivocal decision of the trial judge as set forth in his memorandum of opinion; that by reason of such understanding, the Garden Land Company, Ltd., acquiesced in that portion of the opinion providing for judgment in favor of plaintiffs against the Garden Land Company, Ltd., for $10; that he believed that said plaintiffs and their attorney waived their right to include the same in the judgment so prepared and submitted to the judge for his signature; that he was advised for the first time on May 1, 1945, that plaintiffs, through their attorney Mr. Nichols, contended that said judgment was intended to provide and did provide that it should run against said Garden Land Company, Ltd., as well as against defendants Frederick Ray and Mary Louise Ray for the sum of $1,000.

The affidavit of Mr. Nichols, attorney for appellants, was in substance that he was not responsible for the neglect of counsel for defendants in failing to comprehend the language of the judgment; that at the time of the settlement of the findings of fact he predicated his word and act upon the propriety of the judgment being rendered against Garden Land Company, Ltd., in the sum of $1,000, and he did not indulge in any word or act calculated to create the impression that such judgment was not being actively sought or properly awarded by the court in the premises.

On June 11, 1945, after a hearing upon the motion to amend the judgment, at which hearing the attorneys for all the parties were present, the court amended the third or last paragraph of the judgment *nunc pro tunc* to read as follows:

"3. That plaintiffs have and recover of and from Frederick Ray and Mary Louise Ray, defendants herein, and each of

them, the sum of One Thousand Dollars ($1,000.00) with interest thereon at the rate of seven per cent (7%) per annum from the date hereof until paid, and of and from Garden Land Company, Ltd., defendant herein, the sum of Ten Dollars ($10.00) with interest thereon at the rate of seven per cent (7%) per annum from date hereof until paid, together with plaintiffs' costs and disbursements incurred herein amounting to the sum of $.................."

A trial court has power to correct a mistake in its order or judgment where the mistake is not the result of the exercise of judgment, but where the mistake is judicial rather than clerical or inadvertent the court has no power to amend its decision. (*Estate of Burnett*, 11 Cal.2d 259, 262 [79 P.2d 89].)

Appellants assert that the *nunc pro tunc* order "involved the very essence of judicial action" because the original judgment "explicitly" awarded judgment against the Garden Land Company, Ltd., in the sum of $1,000, and the trial judge attempted by the *nunc pro tunc* order to limit the award of $1,000 to the two individual defendants and to award damages against the corporate defendant in the sum of $10 only. The assertion that the judgment "explicitly" awarded a judgment of $1,000 against the Garden Land Company, Ltd., was based apparently upon the fact that general word "defendants" was used to designate those against whom a judgment of $1,000 was rendered. Irrespective of whether the form of the judgment was such that the judgment might be characterized properly as one "explicitly" awarding a $1,000 judgment against respondent, the circumstances establish that such form of judgment did not recite the judgment which the trial judge had rendered and intended to record as his judgment. In the memorandum of opinion, signed and filed by the judge prior to signing the judgment, he first discussed at length the rights of plaintiffs as against the defendants Ray and said that those defendants, Frederick Ray and Mary Louise Ray, should pay to plaintiff $1,000 as damages. He then discussed at length the rights of plaintiffs as against the defendant Garden Land Company, Ltd., and said, "We cannot say . . . that the plaintiff Martin suffered appreciable damages because of the mere nonperformance of duty of the defendant Land Company, and as . . . these damages are not measurable from the evidence adduced, we are of the opinion that these damages as against the Land Company should be nominal and set at $10.00." At the end of said

memorandum, after having discussed separately the liability of the individual defendants and the liability of the corporate defendant, the judge stated specifically, as shown by the above quotation, that the judgment should be for $1,000 against the defendants Ray, and for $10 against the defendant Garden Land Company, Ltd.

The form of judgment prepared by counsel for the prevailing parties, and signed by the judge, did not include the provision, expressly stated in said memorandum, that the judgment against the Garden Land Company, Ltd., should be for $10, but on the contrary it stated that plaintiffs should recover $1,000 from the "defendants." It is true, as appellants contend, that the judge was not required to make his formal judgment in accordance with the memorandum which he had filed. He had the power to make a formal judgment different from the proposed judgment announced in his memorandum of opinion. There is nothing in the record, however, other than the fact that the judge signed the formal judgment submitted to him, to indicate that the judge had changed his decision from that stated in his memorandum. Counsel for appellants asserts in his brief that, at the time of signing the judgment, the judge "was clear and oriented concerning the provisions thereof." That statement implies that the judge, in the exercise of judgment, changed his decision from that stated in his memorandum, but it is not asserted as a fact that the judge made any statement to the effect that he had changed his decision or that he recognized that the proposed formal judgment was different from his memorandum. It is true that, on an appeal from a judgment, a memorandum of opinion may not be used to impeach the judgment. (*Lord* v. *Katz*, 54 Cal.App.2d 363, 367 [128 P.2d 907].) The appeal here, however, is not from the judgment, which provided that plaintiffs recover $1,000 from "defendants," but is from an order amending the judgment so that it would recite the alleged true decision of the judge. Although, as above stated, the memorandum was not binding as to what the formal judgment should be, and it could not have been used on an appeal from the judgment to impeach the judgment, it is of significance, on appeal from the order amending the judgment, in determining whether the change made in the formal judgment was the correction of a judicial or a clerical error.

■ The amendment of the judgment was made upon notice of motion to amend and after a hearing at which counsel for appellants opposed the motion. The trial judge amended the judgment to conform with the provisions of his memorandum of opinion. In so amending the judgment he found that his true and intended judgment, which had been announced in his written opinion, had not been clearly or accurately expressed in the formal judgment. The comprehensive memorandum of opinion, which had been signed and filed prior to the signing of the formal judgment, indicates that the amendment was not an afterthought or an attempt to correct a judicial error. A court has the power to correct its judgment to make it speak the court's true and intended decision, even though the misprision in the original judgment was that of the court. (*Kohlstedt* v. *Hauseur*, 24 Cal.App.2d 60, 61, 62 [74 P.2d 314].) The amendment herein was a correction of a clerical error, and said amendment was made properly.

■ Appellants contend further that the amendment should not have been made, because the judgment as entered, according to appellants, was righteous and the only proper judgment that could have been made, and therefore there was no error, judicial or clerical, to be corrected. Their argument is that in such an action the amount of damages should have been the same as to all defendants. The effect of said contention is that if a judgment, entered through clerical error or misprision, should happen to be the proper judgment under the evidence and the law, the trial judge should not be permitted to amend it even though it does not speak the truth as to his intended decision. Irrespective of whether the original judgment herein was the right or wrong one under the evidence and the law, the trial judge had the right to correct it so that it would reflect his true decision. The appeal here is not from the judgment, but is one which questions the right of the trial judge to make the order amending the judgment.

The order is affirmed.

Desmond, P. J., and Shinn, J., concurred.