[Civ. No. 16182. Second Dist., Div. Three. Feb. 5, 1948.]

RAYMOND GEORGE et al., Respondents, v. BEKINS VAN & STORAGE COMPANY (a Corporation), Appellant.

Chase, Rotchford, Downen & Chase, Robert E. Moore, Jr., and Richard T. Drukker for Appellant.

C. Paul DuBois for Respondents.

VALLÉE, J. pro tem.—Motion to dismiss an appeal from a judgment and from an order denying a motion for a new trial. Plaintiffs sued Bekins Van & Storage Company (referred to as "Bekins") and 14 individual defendants. Bekins answered separately. Eleven of the individual defendants answered jointly. After the cause had been tried the trial judge signed findings of fact and conclusions of law, in which he concluded that plaintiffs were entitled to a judgment against Bekins for $3,126.15. There was no conclusion of law as to how the issues between plaintiffs and the individual defendants should be adjudicated. On February 5, 1947, judgment was entered that plaintiffs have judgment against Bekins for the amount stated, with interest, and for plaintiffs' costs. No decision was made in the judgment with respect to plaintiffs' alleged claims against the individual defendants.

On February 11, 1947, Bekins served and filed a notice of motion for a new trial. On March 18, 1947, the motion for a new trial was heard and submitted. The parties agree that on the hearing of the motion, counsel for appellant directed the court's attention to the fact that the conclusions of law and the judgment entered February 5, 1947, did not dispose of the issues between plaintiffs and the individual defendants. On April 4, 1947, the court made a minute order denying the motion for a new trial and ordering that the conclusions of law be amended to include a conclusion that defendants other than Bekins were entitled to dismissal and ordering that the judgment entered February 5, 1947, be amended to include a judgment for costs to said defendants. On April 23, 1947, a formal written order was entered denying a new trial, amending and correcting the conclusions of law to conform to the findings of fact, and amending and correcting the judgment to conform to the findings of fact and the conclusions of law as therein corrected. This order recited that a collective motion, of the individual defendants who answered, for the amendment and correction of the conclusions of law and of the judgment, was heard with the motion for a new trial. It amended the conclusions of law by adding thereto conclusions that the answering individual defendants were entitled to judgment, that plaintiffs take nothing as against them, and that they were entitled to judgment against plaintiffs for their costs. This order also amended the judgment entered February 5, 1947, to provide

that plaintiffs take nothing against the answering individual defendants and that they have judgment against plaintiffs for their costs.

On April 11, 1947, Bekins filed a notice of appeal from the judgment entered February 5, 1947, in favor of plaintiffs and against Bekins and from the order of April 4, 1947, denying the motion of Bekins for a new trial. No appeal has been taken by any party from the minute order entered April 4, 1947, insofar as it amended the judgment entered February 5, 1947, or from the order entered April 23, 1947.

Respondents, plaintiffs below, have moved to dismiss the appeal upon the grounds that the judgment appealed from is not the final judgment; that the notice of appeal was filed prior to the final judgment and that, therefore, it was premature and ineffective; and, insofar as the appeal from the order denying the motion for a new trial is concerned, on the ground that no appeal lies from that order. If an appeal lies from the judgment entered February 5, 1947, the appeal was within time. (Rules on Appeal, 2a, 3a, 22 Cal.2d 1, 2.)

Before Code of Civil Procedure, section 662, was enacted in 1929, the power of the court over a judgment ceased when the judgment became final unless reserved by statute or by some action of the court itself. (*Lankton* v. *Superior Court*, 5 Cal.2d 694 [55 P.2d 1170]; *Cikuth* v. *Loero*, 14 Cal.App.2d 32, 34 [57 P.2d 1009].) Section 662 gave the court power in ruling upon a motion for a new trial to modify the judgment in whole or in part. A change made in ruling upon a motion for a new trial under authority of Code of Civil Procedure, section 662, which materially and in a substantial respect affects the conclusions of law and judgment and the rights of the parties against whom it is rendered constitutes a readjudication of the case, and the modified judgment entered is a new judgment, and an appeal lies only from the second judgment. (*R. Barcroft & Sons Co.* v. *Cullen*, 213 Cal. 208 [2 P.2d 353]; *California Machinery etc. Co.* v. *University City Synd.*, 3 Cal.App.2d 425 [39 P.2d 853]; *McConville* v. *Superior Court*, 78 Cal.App. 203 [248 P. 553].)

The general rule with respect to the power of the court to modify a judgment does not preclude the court from correcting clerical errors and misprisions either in the entry of the judgment or due to inadvertence of the court. The term ''clerical error'' covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial

function. If an error, mistake, or omission is the result of inadvertence, but for which a different judgment would have been rendered, the error is clerical and the judgment may be corrected to correspond with what it would have been but for the inadvertence. (*Kowalsky* v. *Nicholson,* 23 Cal. App. 160, 162 [137 P. 607]; Freeman on Judgments (5th ed.), vol. 1, p. 283, § 146.) The court has inherent power to correct such errors. This power extends to striking out findings of fact and conclusions of law and a judgment and substituting wholly different findings of fact and conclusions of law and judgment. In correcting a clerical error or mistake the trial judge may give effect to facts within his personal knowledge and to his recollection. (*Estate of Goldberg,* 10 Cal.2d 709, 717 [76 P.2d 508]; *Bastajian* v. *Brown,* 19 Cal.2d 209, 214-215 [120 P.2d 9]; *Martin* v. *Ray,* 74 Cal.App. 2d 922, 928 [170 P.2d 75]; Anno.: 67 A.L.R. 828; 126 A.L.R. 956.) If a judgment is corrected because of a clerical error or mistake either by amendment or the substitution of a wholly different judgment, the amended or substituted judgment speaks as though originally entered in its amended or substituted form. Such an amendment leaves the original judgment otherwise effective and unimpaired. (*Sav. & L. Soc.* v. *Horton,* 63 Cal. 310; *Fallon* v. *Brittan,* 84 Cal. 511 [24 P. 381]; *McConville* v. *Superior Court,* 78 Cal.App. 203 [248 P. 553].) Not every alteration of a judgment by the court which rendered it will operate as a readjudication of the case. (*McConville* v. *Superior Court, supra.*) In *Spencer* v. *Troutt,* 133 Cal. 605 [65 P. 1083], the court stated (p. 607): "The test as to whether the period in which the party must act in order to get relief from an order or judgment against him must be, whether he could have obtained the desired relief (on a proper showing) before the *nunc pro tunc* order was made. Could he have made his application as the judgment, order, or record *was?* . . . Could petitioner, against objection, have maintained an appeal from the judgment as first entered?" ▆ Under the test stated in *Spencer* v. *Troutt,* if a party can obtain the desired relief from a judgment before it is amended, he must act—appeal therefrom— within the time allowed after its entry. If the amendment materially and in a substantial respect affects the judgment and the rights of a party against whom it is rendered, and a party desires relief therefrom, he must appeal from the corrected judgment within the time allowed after entry

482

thereof. (*Amell* v. *Amell*, 10 Cal.2d 153 [73 P.2d 888]; *Combination Land Co.* v. *Morgan*, 95 Cal. 548 [30 P. 1102]; *McConville* v. *Superior Court*, 78 Cal.App. 203, 207 [248 P. 553].)

A judgment is the final determination of the rights of the parties in an action or proceeding. (Code Civ. Proc., § 577.) To be appealable a judgment must be a final judgment. (Code Civ. Proc., § 963, subd. 1; *Bakewell* v. *Bakewell*, 21 Cal.2d 224, 226 [130 P.2d 975].) The judgment of February 5, 1947, ascertained and fixed absolutely and finally the rights of plaintiffs as against Bekins in relation to the subject matter of the litigation between them. No issue between them was left for further consideration. It is clear that the amendment was the correction of a clerical error. The court originally, no doubt, inadvertently failed to make the conclusions of law conform to the findings of fact and to make the judgment run in favor of the individual defendants. That it originally intended to do so is made manifest by the findings of fact and by its subsequent orders. Whether the original judgment, considered with the findings, was in favor of the individual defendants without amendment, is not argued and need not be decided. It has been held that when two or more defendants are sued and the judgment for plaintiff runs against only one, it is necessarily in favor of the other. (*Ernsting* v. *United Stages, Inc.*, 206 Cal. 733, 737 [276 P. 103]; *Miller* v. *More*, 170 Cal. 557, 561 [150 P. 775]; *Treat* v. *La Forge*, 15 Cal. 41.) The order amending the judgment did not, in any wise, affect the original judgment as between plaintiffs and Bekins. Bekins was not aggrieved by the amendment. Respondents can be as fully heard on Bekins' appeal from the original judgment as they could have been had Bekins appealed from the judgment as amended. The original judgment was the final judgment as between respondents and appellant. (*Bakewell* v. *Bakewell*, 21 Cal.2d 224 [130 P.2d 975]; *Lyon* v. *Goss*, 19 Cal.2d 659, 670 [123 P.2d 11].)

As an appeal does not lie from an order denying a motion for a new trial, the appeal from that order is dismissed. (*Carlin* v. *Prickett*, 81 Cal.App.2d 688 [184 P.2d 945].) The motion to dismiss the appeal from the judgment is denied.

Shinn, Acting P. J., and Wood, J., concurred.

A petition for a rehearing was denied March 2, 1948, and respondents' petition for a hearing by the Supreme Court was denied April 1, 1948.